# EXHIBIT 2

**PRIVATE AND CONFIDENTIAL BETWEEN THE PARTIES**

# COMBINED ESCROW AGREEMENT AND DEED OF AGREEMENT FOR 10X INVESTMENT PROGRAM

## COMBINED ESCROW AGREEMENT AND DEED OF AGREEMENT

This Agreement is made and entered into as of Friday, December 26, 2025, by and between the undersigned parties.

---

### 1. GOVERNING LAW AND ARBITRATION

This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Venue for any disputes shall be San Antonio, Texas. Disputes shall be resolved through binding arbitration under the rules of the American Arbitration Association (AAA), with arbitration costs shared equally and each party bearing its own legal fees unless otherwise specified.

---

### 2. PARTIES TO THE AGREEMENT

**ESCROW AGENT**

Attorney Edward F. Valdespino
Union Square II
10001 Reunion Place, Ste 600
San Antonio, TX 78216

**PRINCIPAL**

FINNEXO INVESTMENTS LTD
128 City Road, London, UK, EC1V 2NX
Attn: Edward Duarte, Managing Member

**INVESTOR**

LARK RENEWABLE ENERGY INC.
REDACTED Oakville, Ontario, CANADA, L6H 3A9
Attn: Glenn Paul Greenwood, President & Chief Executive Officer

**Transaction Code:** RCM/HF/1M/DEC2025

---

### 3. RECITALS

**WHEREAS** the Investor shall place into escrow $1,000,000.00 under the full care, custody, and control of the above-named Escrow Agent;

**WHEREAS** in exchange for this placement, the Principal shall deliver approximately ten times the initial value, totaling $10,000,000.00 USD (hereinafter referred to as "Earnings"), in forty-five (45) days;
**WHEREAS** the Earnings shall be transferred and drawn according to a schedule mutually agreed upon between the parties and their respective banking facilities.

---

## 4. TERMS AND CONDITIONS

- This Agreement remains in effect until all obligations are satisfied or terminated by mutual agreement or default.
- Each party represents that they have the full legal capacity and authority to enter into this Agreement and comply with all applicable laws.
- The funds involved are lawfully obtained and free from third-party claims.
- All transactions shall be executed in compliance with applicable banking regulations, anti-money laundering (AML) laws, and counter-terrorism financing (CTF) laws.
- Any banking delays beyond the control of the Principal or Investor shall not constitute a default unless they extend beyond forty-five (45) days, in which case remedies shall be negotiated in good faith.

---

## 5. ESCROW AGENT RESPONSIBILITIES

- Maintain escrow funds in a secure, non-interest-bearing account.
- Release funds only upon meeting Agreement conditions.
- Provide written confirmation to both parties upon any movement of escrow funds.
- Be indemnified against claims unless arising from gross negligence or misconduct.
- Ensure transactions comply with AML/KYC regulatory standards.
- The escrow deposit shall not be diluted nor distributed in any manner until the transaction is completed in 45 days.

## ESCROW DEPOSIT AND TERMS

The Investor shall deposit $1,000,000.00 ("Escrow Funds") into the escrow

account held by the above-named Escrow Agent. The Escrow Deposit shall be made in BTC, USDT, or CASH.
The Escrow Funds must be placed under the full care, custody, and control of the Escrow Agent within forty-eight (48) hours of signing this Agreement or this Agreement shall extinguish.
If Crypto Currency is to be used for the deposit, the Escrow Wallet Details or Account Instructions shall be provided separately by Escrow Agent.

**Banking Details:**

| | | |
|---|---|---|
| BANK NAME | : | PNC BANK |
| BANK ADDRESS | : | 112 EAST PECAN STREET, SAN ANTONIO, TX 78205. |
| ACCOUNT NUMBER | : | REDACTED5083 |
| SWIFT | : | PNCCUS33 |
| ABA ROUTING | : | 043000096 |
| ACCOUNT NAME | : | EDWARD F. VALDESPINO IOLTA |
| ATTORNEY ADDRESS | : | 8000 IH 10 WEST, SUITE 1500, SAN ANTONIO, TX. 78230 |

*The Escrow Funds must be deposited within forty-eight (48) hours of signing this Agreement or this Agreement shall extinguish.*

---

**6. DEFAULT AND LIABILITY**

- A party defaults if they fail to meet financial obligations, provide false representations, or breach material terms.
- If the Investor fails to provide funds within the agreed timeframe, the Principal may terminate the Agreement.
- If the Principal fails to complete the agreed $10,000,000.00 USD transfer within the required timeframe, the Escrow Funds shall be returned to the Investor within seventy-two (72) hours.
- A written notice of default shall be provided, and the defaulting party shall have ten (10) business days to cure the breach before penalties apply.

**7. INDEMNITY**

- Each party agrees to indemnify, defend, and hold harmless the other parties and their respective affiliates, officers, directors, employees, agents, consultants, and intermediaries from and against any and all claims, liabilities, damages, losses, and expenses, including legal fees and court costs, arising out of or related to any breach of this Agreement, misrepresentation, or violation of applicable laws.
- The Escrow Agent shall not be liable for any loss, liability, or expense incurred by any party unless resulting from the Escrow Agent's gross negligence or willful misconduct.

**8. FORCE MAJEURE**

- None of the parties shall be held liable for failure or delay in fulfilling their obligations due to acts beyond their control, including but not limited to government restrictions, bank failures, cyberattacks, war, natural disasters, or other force majeure events.

**9. SUBROGATION**

- Upon execution of any payment, transfer, or satisfaction of any claim, the paying party shall be subrogated to all rights of the receiving party to pursue any other remedies or claims against third parties, to the extent of the amount paid.

**10. NON-COMPETE**

- The parties agree that they shall not engage, directly or indirectly, in any competing transaction or business that would undermine the purpose and scope of this Agreement for a period of two (2) years following the termination or fulfillment of this Agreement. Any violation of this clause shall be considered a material breach.

**11. ERRORS AND OMISSIONS**

- In the event of any typographical or clerical error or omission in this Agreement, such error or omission shall not affect the enforceability of

the Agreement. The parties agree to promptly correct any such errors or omissions upon mutual review and agreement.

---

**12. CONFIDENTIALITY**

- All parties agree to maintain strict confidentiality regarding the terms, conditions, and existence of this Agreement and any proprietary or sensitive information exchanged or discovered throughout the execution of this Agreement. This obligation shall survive the termination or completion of the Agreement for a period of five (5) years.

---

**13. SUCCESSORS AND ASSIGNS**

- This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns. No party may assign its rights or obligations under this Agreement without the prior written consent of the other parties.

---

**14. SEVERABILITY**

- If any provision of this Agreement is found to be invalid or unenforceable under applicable law, such provision shall be severed and the remaining provisions shall continue in full force and effect.

---

**15. ENTIRE AGREEMENT**

- This Agreement constitutes the entire understanding between the parties and supersedes all prior and contemporaneous agreements, understandings, negotiations, and communications, whether oral or written, with respect to the subject matter hereof.

---

**16. COUNTERPARTS AND ELECTRONIC SIGNATURES**

- This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures transmitted electronically shall have the same legal effect as original signatures.

---

**17. ANNEXES AND SCHEDULES**

- Any annexes, schedules, or appendices referenced in this Agreement are incorporated by reference and shall form an integral part of this Agreement. These may include wallet addresses, schedules of disbursement, communication protocols, or any supplemental terms as agreed in writing.

---

**18. NOTICES AND EXECUTION**

All notices must be in writing and delivered via email, certified mail, or courier.

---

**IN WITNESS WHEREOF**, the parties hereto have executed this Escrow Agreement and Deed of Agreement as of the date first written above.

**SIGNATURES**

**PRINCIPAL:**

FINNEXO INVESTMENTS LTD

By: Edward Duarte

Name: Edward Duarte

Title: Managing Member

Date: Friday, December 26, 2025

**INVESTOR:**

LARK RENEWABLE ENERGY INC.

By: P Greenwood

Name: Glenn Paul Greenwood

Title: President & Chief Executive Officer

Date: Friday, December 26, 2025

**ESCROW AGENT:**

By:

Name: Edward F. Valdespino

**Title**: Attorney at Law

**Bar Card Number**: 20424700

**TX License Date**: November 6, 1987

Date: Friday, December 26, 2025

**ESCROW AGENT IDENTIFICATION CARD**



**PASSPORT OF PRINCIPAL**



## PASSPORT OF INVESTOR

