# EXHIBIT 12B

**CAUSE NO. 2025CI21139**

| | | |
|---|---|---|
| **JOSE GONZALEZ,** | § | **IN THE DISTRICT COURT OF** |
| ***Plaintiff*** | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| **EDWARD F. VALDESPINO & NAMAN, HOWELL, SMITH & LEE PLLC,** | § | |
| ***Defendant*** | § | **______ JUDICIAL DISTRICT** |

**PLAINTIFF JOSE GONZALEZ'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Jose A Gonzalez ("Gonzalez"), files this Original Petition and would respectfully show the Court as follows:

## I. Parties, Jurisdiction, and Venue

1. Plaintiff, Jose Gonzalez, is an individual residing at 124 Parker Avenue, Maplewood, New Jersey.

2. Defendant, Edward F. Valdespino, is an attorney licensed to practice law in Texas with a principal place of business at Naman, Howell, Smith & Lee, PLLC, 10001 Reunion Place, Suite 600, San Antonio, Texas 78216.

3. Naman, Howell, Smith & Lee PLLC is a Texas limited liability company with a principal place of business at 400 Austin Avenue, Suite 800, Waco, Texas 76701. It may be served through its registered agent for service of process, Kyle G. Knas, 400 Austin Avenue, Waco, Texas 76701.

4. This Court has jurisdiction over the Defendants because they are residents and citizens of the State of Texas.



Copy from re:SearchTX

5. Venue is proper in Bexar County pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

## II. Background

6. On or around December 19, 2024, Plaintiff entered into a Joint Venture Agreement with Houston Energy Group, for which he was required to deposit funds into an IOLTA trust account managed by Defendants Valdespino and Naman & Howell.

7. Pursuant to this agreement, on December 20, 2024, Plaintiff sent $100,000.00 to Defendants Valdespino and Naman Howell for deposit in Naman Howell's IOLTA trust account for safekeeping and proper management in connection with the joint venture until certain obligations were met by joint venture partner Houston Energy Group.

8. Plaintiff entrusted Defendants with funds amounting to $100,000.00 for the purpose of holding in trust for a joint venture agreement. Release of such funds was conditional upon approval by Plaintiff.

9. Defendants were obligated and owed Plaintiff a duty to maintain these funds in a separate client trust account and to properly deal with such funds.

10. Despite repeated requests from Gonzalez, Valdespino has refused to return the $100,000.00, although repeatedly and often assuring Gonzalez that the funds would be returned.

11. Upon information and belief, Defendants commingled Plaintiff's funds with personal or business funds, or negligently and/or improperly disbursed the funds and/or otherwise negligently and improperly handled the funds.

12. Plaintiff discovered the commingling of funds on or about August 15, 2025, when Valdespino informed Plaintiff's counsel that Defendants had released the funds to Houston Energy Group.



Copy from re:SearchTX

13. As a result of Defendant's actions, Plaintiff has suffered damages, including but not limited to financial loss.

## III. Causes of Action

### A. Improper Handling of Funds

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

15. By failing to return the $100,000.00 and/or by improperly disbursing them, Defendants have improperly handled the funds entrusted to them by Plaintiff, in violation of their fiduciary duties.

### B. Breach of Fiduciary Duty

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

17. Defendants breached their fiduciary duties to Plaintiff by failing to maintain and deal with the funds properly and as agreed, and intentionally mishandled the funds by refusing to return them despite acknowledging their obligation to do so, causing harm to Plaintiff.

### C. Negligence

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

19. Defendants owed Plaintiff a duty to exercise that degree of care and skill that ordinarily prudent attorneys would exercise under the same or similar circumstances.

20. Defendants breached their duties of care to Plaintiff.

21. Defendants' breaches of duty were the proximate causes of damages to Plaintiff.



Copy from re:SearchTX

22. Defendants negligently failed to manage and safeguard the funds, resulting in a breach of their duty of care owed to Plaintiff.

### D. Money Had and Received

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

24. Defendants intentionally exercised dominion and/or control over Plaintiff's funds in a manner inconsistent with Plaintiff's rights, constituting conversion and depriving Plaintiff of his rightful property.

## IV. Jury Demand

25. Plaintiff demands a jury be empaneled to try the facts and issues of this cause.

## V. Rule 193.7

26. Plaintiff invokes Texas Rule of Civil Procedure 193.7 and gives notice of the intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceedings or the trial itself.

## VI. Damages

27. Plaintiff seeks damages in excess of $100,000.00.

## VII. Discovery

28. Plaintiff intends for discovery to be conducted pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Level 3.

## VIII. Conditions Precedent

29. All conditions precedent to Plaintiff's right to bring this action and to recover damages have been performed or have occurred.



Copy from re:SearchTX

## IX. Prayer

WHEREFORE, Plaintiff Jose Gonzalez respectfully prays that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. Awarding Plaintiff compensatory damages in an amount to be determined at trial;

2. Awarding Plaintiff punitive damages due to Defendant's willful and malicious conduct;

3. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

4. Awarding Plaintiff reasonable attorney's fees and costs incurred in bringing this action; and

5. Such other and further relief, in law or in equity, as the Court deems just and proper.

Dated: September 5, 2025.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ *Maya Bailey*
**Maya Bailey**
State Bar No. 24132648
Maya.Bailey@lewisbrisbois.com
**Michael D. Sydow**
Texas Bar No. 19592000
Michael.Sydow@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
713.659.6767 | Telephone
713.759.6830 | Facsimile

**Attorneys for Plaintiff Jose A. Gonzalez**



Copy from re:SearchTX