CAUSE NO. 2021-CI-01485

| | | |
|---|---|---|
| VILCORP, S. DE R.L. DE C.V.<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 45TH JUDICIAL DISTRICT |
| EDWARD F. VALDESPINO,<br>CARMELLO CERRELLI, PRIMESTONE<br>CAPITAL MANAGEMENT AND<br>GO USA, INC.<br>Defendants | §<br>§<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES VILCORP, S. DE R.L. DE C.V, Plaintiff, complaining of EDWARD F. VALDESPINO, CARMELLO CERRELLI, PRIMESTONE CAPITAL MANAGEMENT AND GO USA, INC., Defendants, files this First Amended Petition and for cause of action would show the Court the following:

### Discovery Control Plan

This case is intended to be conducted under a Level Three (3) discovery control plan.

### Parties

Plaintiff is a Mexican business entity.

Defendant EDWARD F. VALDESPINO is an individual and has made an appearance.

Defendant GO USA, INC. is a Washington Corporation and may be served by serving its registered agent, William Hamilton, or any officer or director, at 521 S Columbia Street, Wenatchee, Washington 98801-0000 or at any other address where they may be found.



Copy from re:SearchTX

Defendant Carmello Cerrelli is an individual and may be served at 10-8707 Dufferin Street, Unit 287, Thornhill, Ontario, Canada L0R2B0 or any other address where he may be found.

Defendant Primestone Capital Management may be served at 7030 Woodbine Ave., Ste. 500, Markham, Ontario, Canada L3R 6G2

## **Venue and Jurisdiction**

Pursuant to the Texas Civil Practice and Remedies Code Section 15.001 *et seq.*, venue is proper in Bexar County, Texas because a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in Bexar County, Texas, and the contracts were to be performed in Bexar County, Texas.

Plaintiff's damages are within the jurisdictional limits of this Court. Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $1,000,000.00 and non-monetary relief.

## **Background Facts**

Plaintiff contracted to purchase Covide-19 masks from Defendant Primestone in 2020, for which Plaintiff had ready, willing and able buyers. Defendant Valdespino was appointed as the escrow agent to receive the escrow payment due under the contract. Defendant forwarded Plaintiff, a Texas lawyer, $1.675M to hold in trust as an escrow payment. However, when it was time to release the funds, Plaintiff discovered Defendant Valdespino had conspired with Defendant Cerrelli and used the money for other purposes, including to pay unrelated third parties such as Defendant GO USA, Inc. Moreover, Primestone did not deliver the masks, even though required to do so under its contract,



Copy from re:SearchTX

irrespective of the delivery or use of Plaintiff's escrowed funds. Because of this, Plaintiff was unable to procure the masks and breached its contract with its buyer. As a result of this, Plaintiff suffered actual damages exceeding $12.4M and potential damages of many more millions of dollars.

## CAUSES OF ACTION

**Breach of Contract**

Defendants Valdespino and Primestone breached their contracts with Plaintiff as set forth above. Plaintiff seeks to recover its damages for such breach of contract.

**Breach of Fiduciary Duty**

Defendant Valdespino was a fiduciary and received Plaintiff's deposit in his trust account for the express purpose of safeguarding such funds and releasing same to the manufacturer of the masks upon proof of the buyer's ability to pay for such items. Despite this, Defendant breached his fiduciary duty and used the money for his own, Cerrelli's and Primestone's own purposes.

**Fraud**

Defendant Valdespino promised to retain Plaintiff's deposit and use same solely for the purpose of the acquisition of the masks the subject of the Contract. Defendant Cerrelli then directed Valdespino to divert Plaintiff's money to third parties. Defendant Valdespino then released the deposit as directed by Cerrelli and lied about the status of such funds when Plaintiff demanded they be released. Plaintiff relied upon Defendant's representations to its detriment, which has caused Plaintiff damages, and for which Plaintiff sues to recover.



Copy from re:SearchTX

**Civil Conspiracy**

Defendants Valdespino and Cerrelli conspired to defraud Plaintiff, steal Plaintiff's escrow funds, and diverted Plaintiff's escrow funds for their own purposes.

**Money Had and Received**

Defendant GO USA, Inc. holds money that in good conscience and equity belongs to Plaintiff, irrespective of any fault on GO USA, Inc.'s part. The money paid to GO USA, Inc., by Defendant Valdespino, was not authorized or allowed, but rather was Plaintiff's escrowed funds. The sum, which is believed to be $950,000.00, must be returned to Plaintiff. Plaintiff has demanded the return of such funds, but Defendant GO USA, Inc. has failed and refused to do so.

**Application for Temporary Restraining order**

Plaintiff requests the Court restrain Defendant Valdespino from transferring, pledging or releasing any monies or properties in which he has any interest. Plaintiff will be irreparably harmed if any such monies or properties are not restrained.

**Attorneys' Fees and Conditions Precedent**

Pursuant to Section 38.001 *et. seq.* of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to recover its reasonable and necessary attorney's fees against Defendants including attorney's fees in connection with any stage of appeal. All conditions precedent to Plaintiff's recovery have been satisfied by Plaintiff.

**Requests for Disclosure and Disclosure of Trial Witnesses**

Pursuant to Tex.R.Civ.P. 194.2, Plaintiff requests that Defendants disclose, within 51 days of the service of this request, the information or material described in Rule 194.2(a) though (l).



Copy from re:SearchTX

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final hearing Plaintiff have judgment against Defendants, jointly and severally, for its actual damages, exemplary damages, attorney's fees, costs of court, pre-and post-judgment interest and such other and further relief, special and general, legal and equitable, as Plaintiff may be shown to be justly entitled to receive.

Respectfully submitted,

CACHEAUX, CAVAZOS & NEWTON, L.L.P.
333 Convent
San Antonio, Texas 78205
Telephone: (210) 222-1642
Facsimile: (210) 222-2453

By: ______/s/ Jeffrey Hiller______
JEFFREY A. HILLER
State Bar No. 00790883
jhiller@ccn-law.com
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

On June 15, 2021, I certify that the foregoing was served on the following via the CM/ECF system: EDWARD F. VALDESPINO, 8000 W Interstate 10 Ste 1500, San Antonio, TX 78230-3883, 210-524-7778, efvlaw@protonmail.com.

______/s/ Jeffrey Hiller______
JEFFREY A. HILLER



Copy from re:SearchTX